Brett W. Johnson (#021527)
Tracy A. Olson (#034616)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: bwjohnson@swlaw.com
          tolson@swlaw.com
*Attorneys for Plaintiffs Rim Country Educational Alliance, Larry Sugarman, Richard Richey, and Jennifer J. Smith*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rim Country Educational Alliance, a political subdivision and separate legal entity organized under A.R.S. § 11-952.02; Larry Sugarman, an individual; Richard Richey, an individual; Jennifer J. Smith, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>Thomas P. Morrissey, Town of Payson Mayor, in his official and personal capacities; Janell Sterner, Town of Payson Vice-Mayor and Councilmember, in her official and personal capacities; James L. Ferris, Town of Payson Councilmember, in his official and personal capacities; Christopher Higgins, Town of Payson Councilmember, in his official capacity; Steven L. Smith, Town of Payson Councilmember, in his official capacity; Susan Tubbs-Avakian, Town of Payson Councilmember, in her official and personal capacities; Barbara Underwood, Town of Payson Councilmember, in her official capacity; the Town of Payson Town Council, a legislative body of the State of Arizona; the Town of Payson, a municipal corporation of the State of Arizona,<br><br>Defendants. | No.<br><br>**Complaint for Declaratory and Injunctive Relief and Jury Trial Demand** |

For their Complaint against Defendants, Plaintiffs allege as follows:

**PRELIMINARY STATEMENT**

1. This is an emergency action seeking injunctive and declaratory relief to void the Defendants' unlawful removal attempt of Rim Country Educational Alliance's ("RCEA") Directors and enjoin Defendants from appointing replacements.

2. This action seeks a declaratory judgment that (a) the Payson Town Council's vote to remove RCEA's Directors violated the individual Directors' due process rights; (b) the Payson Town Council's "for cause" finding was deficient and thus, its attempted removal vote lacks legal force; and (c) the Payson Town Council must follow the terms of RCEA's Governance Agreement ("GA") when removing or appointing Directors.

3. This action seeks to enjoin all Defendants from (a) acting contrary to the terms of the GA, and (b) furthering their improper removal vote in any way, including appointment of alleged replacements.

**PARTIES**

4. Plaintiff Rim Country Educational Alliance ("RCEA") is a political subdivision of the State of Arizona and a separate legal entity organized under A.R.S. § 11-952.02 by an Intergovernmental Agreement ("IGA") executed by the Towns of Payson and Star Valley in Gila County.

5. Plaintiff Larry Sugarman is an individual who resides in Payson, Arizona in Gila County. He is a Director of RCEA.

6. Plaintiff Richard Richey is an individual who resides in Payson, Arizona in Gila County. He is a Director of RCEA.

7. Plaintiff Jennifer J. Smith is an individual who resides in Payson, Arizona in Gila County. She is a Director of RCEA.

8. Defendant Town of Payson Town Council is the legislative body of the Town of Payson, Gila County. This Complaint challenges the Payson Town Council's action to remove three Directors of RCEA.

9. Defendant Town of Payson is a municipal organization of the State of

- 2 -

Arizona. The Town of Payson is named as a Defendant in this action as an entity bound by the Payson Town Council's conduct and a signatory of RCEA's Governance Agreement.

10. Defendant Thomas P. Morrissey is an individual who, upon information and belief, resides in Payson, Arizona, Gila County. He is Mayor of the Town of Payson and a voting member of the Payson Town Council.

11. As one of the affirmative votes to remove the RCEA Directors, Morrissey is sued in his official and personal capacities.

12. Defendant Janell Sterner is an individual who, upon information and belief, resides in Payson, Arizona, Gila County. She is Vice-Mayor of the Town of Payson and a voting member of the Payson Town Council.

13. As one of the affirmative votes to remove the RCEA Directors, Sterner is sued in her official and personal capacities.

14. Defendant James L. Ferris is an individual who, upon information and belief, resides in Payson, Arizona, Gila County. He is a voting member of the Payson Town Council.

15. As the author of the legally deficient "for cause" statement and one of the affirmative votes to remove the RCEA Directors, Ferris is sued in his official and personal capacities.

16. Defendant Christopher Higgins is a voting member of the Payson Town Council. He is sued solely in his official capacity.

17. Defendant Steven L. Smith is a voting member of the Payson Town Council. He is sued solely in his official capacity.

18. Defendant Susan Tubbs-Avakian is an individual who, upon information and belief, resides in Payson, Arizona, Gila County. She is a voting member of the Payson Town Council.

19. As one of the affirmative votes to remove the RCEA Directors, Tubbs-Avakian is sued in her official and personal capacities.

20. Defendant Barbara Underwood is a voting member of the Payson Town

Council. She is sued solely in her official capacity.

## JURISDICTION AND VENUE

21. This Court has jurisdiction to hear Plaintiffs claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), 1367 and 42 U.S.C. §§ 1983 and 1988.

22. This Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

23. As individuals in their personal capacity who reside in Arizona, Arizona elected officials, or political subdivisions of Arizona, this Court has personal jurisdiction over Defendants.

24. Venue is proper under 28 U.S.C. § 1391(b) because all Defendants reside and a substantial part of events or omissions giving rise to claim occurred in this District.

## GENERAL ALLEGATIONS

25. In August 2011, the towns of Payson and Star Valley executed an IGA and GA to form RCEA, a separate legal entity ("SLE") under A.R.S. § 11-952.02.

26. The GA is attached to this Complaint as Exhibit 1 and its terms are expressly incorporated herein. *See* Exhibit 1.

27. Article IV of the GA sets forth terms regarding RCEA's Governing Board.

28. Section 4.1 states that the Governing Board "shall consist of six (6) initial Directors."

29. Section 4.2 states that each "Member" (the Towns of Star Valley and Payson) "shall appoint three (3) Directors to the Entity's Governing Body. . . . If the Entity utilizes private placement funding, the financial entity providing such funding shall create a pre-qualified candidate list with at least twice as many names as open positions to be filled. During the term of such private placement funding, Members shall select Directors who are on the prequalified list."

30. Section 4.3 states that Directors serve five-year terms and will serve until a successor can be appointed by its respective Town.

31. Section 4.4 states that "Directors may be removed only by their appointing

1  [Town] for cause."

2      32.     The Payson Town Council first appointed Sugarman as a Director of RCEA for a partial term on May 7, 2015 and reappointed him for a full term on November 17, 2016. Director Sugarman's current term ends on December 31, 2021.

    33.     The Payson Town Council appointed Richey as a Director of RCEA for a partial term on November 17, 2016. Director Richey's term current ends on December 31, 2020.

    34.     The Payson Town Council appointed Jennifer Smith as a Director of RCEA for a partial term on July 11, 2019. Director Smith's term expired on December 31, 2019 but, pursuant to Section 4.3 of the GA, she continues to serve as an RCEA Director until a replacement is duly appointed.

    35.     Currently, Rim Country Educational Foundation, LLC ("RCEF, LLC") is the financial entity providing private placement funding to RCEA.

    36.     On December 16, 2019, Defendants expressed their prospective intention to not appoint an individual to RCEA supplied to them on the "pre-qualified candidate list" and thereby breached Section 4.2 of the GA.

    37.     On January 15, 2020 the Payson Town Council met for a special meeting to discuss and take "possible action regarding [RCEA] Board Member Appointment and/or removal."

    38.     According to the Payson Town Council's meeting minutes, as a part of this discussion Ferris "read a prepared statement regarding the RCEA's potential debt obligations, director selection process, issues with the Arizona Department of Environmental Quality (ADEQ), conflicts of interest concerns, and *possible* breeches [sic] of the governance agreement." (emphasis added).

    39.     The Payson Town Council voted 4-3, with Morrissey, Sterner, Ferris, and Tubbs-Avakian in favor of a motion to remove Directors Sugarman, Richey, and Smith "for cause as stated in [Ferris'] previous statement."

    40.     Ferris' statement contained factually and legally false allegations. Moreover,

1  Ferris' misleading statement did not identify any Director action that rose to the level of
2  "for cause" removal.

3      41.    Despite public efforts to do so, Directors Sugarman, Richey, and Smith were
4  given no opportunity to respond to the allegations in Ferris' statement.

5      42.    The Payson Town Council noticed a Regular Meeting to be held on February
6  27, 2020.

7      43.    Item H.1.a. of Payson Town Council's February 27, 2020 Agenda as amended
8  states that the Town Council intends to take possible action regarding RCEA Board Member
9  Appointments.

## **Ferris' "For Cause" Statement**

11      44.    Ferris' statement was legally deficient for several reasons and therefore did
12  not meet the standard for a "for cause" removal.

13      45.    Certain allegations in Ferris' statement do not concern any Director action.
14  Because these allegations are devoid of Director action, they cannot serve as a basis for
15  their "for cause" removal.

16      46.    Despite being legally irrelevant to the removal of RCEA's Directors, many of
17  these statements are also factually and legally inaccurate. Those allegations include, but are
18  not limited to:

    a. "If the SLE can incur debt, it can create potential contingent liabilities for the town."

    b. "If the SLE can do whatever it wishes on its property it can create an adverse effect on adjacent properties belonging to Payson citizens and the Town of Payson. If the SLE can solely determine the nature of what commercial enterprises can operate on the SLE property it can allow commercial activities that may be detrimental to other existing commercial enterprises in the town."

    c. "The SLE has authority to and may purchase property that the Town would have otherwise acquired for the benefit of the citizens of Payson. The citizens of Payson have the privilege of voting for representatives that pledge to carry out the policies that they agree with and if they fail, they can vote those representatives out of office at the next election."

    d. "When the SLE hand selects its directors that commit to advancing the agenda

of the MHA RCEF board of directors, neither the citizens nor the parties that created the SLE have any say in the action or the direction of the SLE and the RCEA SLE is an entity that is not accountable to anyone except those who control the purse strings."

e. "The MHA/RCEF and Kenny Evans have been allowed to benefit from the actions and authority of the entity. Mr. Evans has claimed to have invested his own money into the MHA. Evans was Town of Payson Manager [sic] for 8 years in which the RCEA were created along with all the Intergovernmental Agreements between the Town of Payson and the RCEA, RCEF, and MHA. Mr. Evans negotiated the agreements, voted on the agreements, signed the agreements between the Town of Payson and the RCEA and the RCEF. And in my opinion, it appears to be a huge conflict of interest."

f. "We find that the Town of Payson may be contingently liable for debt obligations that the RCEA has or may have entered into."

g. "RCEA SLE partners with the RCEF, a member organization of the MHAF. Kenny Evans is president of the MHA and has personal financial involvement in the MHA. Richard Johnson is a board member of the MHA and president of the RCEF. John Naughton is treasurer of the MHA and on the RCEF board. Jennifer Smith is on the MHA board and is on the RCEA board. Sanja Long is on the RCEF board and is CEO of the MHA. The joint membership and multiple boards may not be a violation of A.R.S. codes however, the membership, partnerships and agreements between the organizations and the local governments is very concerning."

47. Certain portions of Ferris' statement contained no allegation, but were instead irrelevant recitations of state law or provisions of RCEA agreements. Without an express statement that these recitations of law contribute to a "for cause" finding, these portions of Ferris' statement cannot serve as a basis for removal. Those portions of Ferris' statement include, but are not limited to:

a. "Section 3.1 the entity shall operate within an annually adopted budget and shall comply with all state, all statues, laws and regulations including rules established by the government accounting standard board."

b. "Section 7.3 Cancellation. This IGA is subject to the provisions of A.R.S. § 38-511 which provide for cancellation of contracts by the parties, Town of Payson, Town of Star Valley, for certain conflicts of interest."

c. "Section 7.5 No Third Party Beneficiaries. No term or provision of this IGA

- 7 -

is intended to or shall be for the benefit of any person, firm, organization or corporation not a party hereto and no such other person, firm, organization or corporation shall have any right or cause of action hereunder."

d. "Article 15.3 Conflict of Interest-the entity and its directors are subject to Arizona Conflict of Interest A.R.S. § 38-501 sequel [sic]."

48. All the remaining allegations in Ferris' statement are either false statements of fact, legally inaccurate statements, or are allegations of conduct that does not rise to a "for cause" finding. In addition, some of these allegations concern Director conduct before some or all of the Directors were appointed. Regardless of the veracity of these statements, the actions of others cannot serve as a basis for the removal of Directors Sugarman, Richey, and Smith. Those allegations include, but are not limited to:

a. "The SLE board of directors have been negligent in their responsibilities to carry out the terms and provision of the following three agreements between the SLE and the town of Payson: the first one is Resolution 2617, the Intergovernmental Agreement dated July 6, 2011 and signed by Mayor Kenny Evans on August 30, 2011; the second one is the Governance Agreement attached as Exhibit A to the aforementioned Intergovernmental Agreement dated July 6, 2011 and signed by Kenny Evans on July 7, 2011; third one is Town of Payson Resolution 2898 dated January 21, 2016 signed by Kenny Evans and it is an Intergovernmental Agreement between the Town of Payson and the RCEA for the purpose of having the Town of Payson provide review and field inspections services on the SLE property. Resolution 2898 in the recitals did not include the RCEF however, the agreement includes the RCEF. The agreement states that the RCEA has adopted zoning, building and development codes section 150 through 154 of the Town of Payson which require plan reviews and field inspections."

b. "Resolution 2617 our Intergovernmental Agreement the recital F states the parties desire that the entity operate within the parameters of the Governance Agreement as a political subdivision separate and distinct from each of the parties. On April 11, 2011, the RCEA SLE board approved a motion to develop athletic fields. On May 16, 2019, the RCEA board passed Resolution 16, which stated that the RCEA will no longer abide by the IGA and Resolution 2898 whereby the RCEA agreed to use the Town of Payson Public Works Department and the Town of Payson Building permits, inspections, codes for development activities on the RCEA property."

c. "The Intergovernmental Agreement, Resolution 2898, Section 1 has this statement 'This agreement shall be effective as of the date written above and

shall remain in effect until December 31, 2020 or until cancelled upon 90 days written notice by either party.' In other words, the Town was to receive a 90-day written notice of cancellation. The RCEA Board passed their Resolution on May 16th which appears to cancel Resolution 2898. No notice was given. So about 36 days after their resolution, the trees were bulldozed. RCEA Resolution Number 36 stated May 16, 2019 section 1 for sound reasons deemed by the board of the RCEA we hereby exempt the RCEA from all provisions of Payson Town Code and wave application of Resolution 29 adopted January 14, 2016 and Resolution 32 adopted December 7, 2016 as it relates to development authorized by an affirmative vote of the board and taken for and on behalf of the RCEA. There was no notice given to the town they bulldozed the property as I mentioned before which was approximately 36 days from their vote to void that Resolution 2898 and that was a breach of the Intergovernmental Agreement. RCEA meeting minutes of the same date May 16, 2019 recorded a motion by Rich Richey, seconded by Larry Sugarman, to affirm that RCEF, LLC member organization of the MHA is authorized to build athletic fields on the campus property. The motion passed unanimously. There was also a motion to affirm authorization of the RCEF's enterprise authority and was directed to proceed as acting agent. So the RCEF is the acting agent for and on behalf of the RCEA including any and all the above listed items. The Arizona Department of Environmental Quality closure of July 11, 2019 notice of opportunity to correct deficiencies was issued because the RCEA bulldozed the SLE property without first obtaining an ADEQ drainage permit."

d. "A document headed Property Master Plan Rim Country Educational Campus dated November 30, 2015 states that the adoption of a plan incorporating generally accepted planning principles is a requirement of the Intergovernmental Agreement that initially forms the RCEA in 2011. Where are the generally accepted planning principles that were adopted as required? It also stated that the RCEA and the RCEF jointly owned 253 acres site which was another breach of the IGA."

e. "The SLE is in violation of A.R.S. § 41-151.14 and that states and local public records management violation classification definition and A.R.S. § 39-101 permanent public records quality storage violation and classification. The Town of Payson could seek remedy through A.R.S. § 39-121.02 action on denial of access, costs and attorney fees damages which means that the financial statements that we have requested and have not received or that anybody could request and not receive they could pursue under state statute those documents."

f. "In the Governance Agreement Article 4.2 because the entity has failed to provide the requested financial records and has failed to provide requested evidence of any debt obligation the current board of directors have been

- 9 -

illegitimately placed on a prequalified list for selection by the town council. The town has never received evidence of private placement funding such as loan agreements or debt instruments. Loans extended from a third party for the use of the SLE as a mechanism or tool for financial gain is not a legitimate arm's length transaction and may be construed as a fraudulent means to control the board of directors of the RCEA."

g. "We have never received the requested Property Master Plan. … Article 14.3 the entity has not provided updated property master plans when required and has not provided evidence that they have incorporated generally accepted planning principles including steps to protect environmental areas and appropriately buffer adjoining uses. The planned athletic fields abut residential areas with no buffer."

h. "Article 8.2 within 90 days following the close of each year the governing body shall have cause to be conducted an independent annual audit of the proceeding year's financial activities. The entity has failed to provide and possibly to perform annual audits as required and as requested."

i. "Article 14.1 all property owned by the entity shall be held in the name of the entity. We know that an undivided one-half interest in the 253-acre forest service property was transferred. I believe it was within a month of its being purchased to the RCEF."

j. "Article 15.2 Open Meeting Laws—the entity is subject to Arizona Open Meeting Laws. We know from RCEA Meeting Minutes that they had failed to comply with that in the past."

k. "Bottom line is they failed to report to or provide any information to the Town of Payson as a member of the RCEA SLE and a party to the above-mentioned agreements. So I do not think the town is asking too much that if we are a member organization a party to this SLE then we should be getting some kind of financial statements."

49. Because Ferris' statement provides neither facts nor any reasonable legal basis to remove the Directors "for cause," the Town Council's conduct is invalid and without legal effect.

## COUNT ONE
### (Declaratory Relief—Procedural Due Process)

50. Plaintiffs incorporate each prior allegation.

51. The U.S. Constitution prohibits government officials from depriving any

- 10 -

person of life, liberty, or property without due process of law. U.S. Const. Amend XIV, § 1.

52. Similarly, the Arizona Constitution provides that "[n]o person shall be deprived of life, liberty, or property without due process of law. Ariz. Const. Art. 2, § 4. The State constitution protects the same interests and is interpreted in the same manner as the Federal constitution. *State v. Casey*, 205 Ariz. 359, 362-63 ¶¶ 11-15 (2003) (superseded by statute on unrelated grounds).

53. Due process requires that prior to a deprivation of property, the property holder must be given notice and a meaningful opportunity to be heard. *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976).

54. Because RCEA Directors can only be removed "for cause," Directors Sugarman, Richey, and Smith had a vested property right in their position. *Cleveland Board of Educ. v. Loudermill*, 470 U.S. 532, 538-39 (1985); *Roberts v. City of Tucson*, 122 Ariz. 91, 92 (1979); *see also Farish v. Young*, 18 Ariz. 298, 302 (1916) ("[W]here the removal [of the local appointee] must be for cause, the power of removal can only be exercised when charges are made against the accused, and after notice, with a reasonable opportunity to be heard before the officer, or body having the power to remove.").

55. The Payson Town Council voted 4-3 to remove Directors Sugarman, Richey, and Smith based on the verbal statement Ferris delivered at the Town Council meeting.

56. The Payson Town Council did not give the Directors any opportunity to respond to or refute the allegations that constituted its "for cause" determination.

57. By removing Directors Sugarman, Richey, and Smith from their positions without affording them an opportunity to be heard, Defendants violated the due process protections afforded to Plaintiffs under State and Federal law.

58. Morrissey, Sterner, Ferris, and Tubbs-Avakian were personally involved in the Constitutional violation and acted under color of law. As such, they are liable in their official and individual capacities. 42 U.S.C. § 1983; *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 691 n. 55 (1978); *City of Phoenix v. Yarnell*, 184 Ariz. 310, 316 (1995).

59. Because the Town Council's vote to remove the RCEA members is binding on the Town of Payson, the Town is similarly liable for this Constitutional violation. 42 U.S.C. § 1983; *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1968), *Yarnell*, 184 Ariz. at 318.

60. Accordingly, this Court should enter a declaration that Defendants violated the Plaintiffs' State and Federal due process rights when they illegally attempted to remove Directors Sugarman, Richey, and Smith from office without an opportunity to be heard.

**COUNT TWO**
**(Declaratory Relief—"For Cause" Determination)**

61. Plaintiffs incorporate each prior allegation.

62. Pursuant to Section 4.4 of the GA, the Town of Payson could only remove Directors Sugarman, Richey, and Smith from the RCEA Board "for cause."

63. "For Cause" is defined as "inefficiency, incompetency, or other kindred disqualification." *Farish*, 18 Ariz. at 302; *Johnson v. Mofford*, 193 Ariz. 540, 543 (App. 1998).

64. The Payson Town Council voted 4-3 to remove Directors Sugarman, Richey, and Smith "for cause" based *solely* on Ferris' prepared statement.

65. Ferris' statement does not constitute an adequate "for cause" determination because the statement contained false, misleading, and irrelevant allegations and did not allege any factually or legally supportable "inefficiency, incompetency, or other kindred disqualification." *Farish*, 18 Ariz. at 302.

66. Defendants impermissibly removed Directors Sugarman, Richey, and Smith from office without due process and without a valid finding of for cause.

67. Accordingly, this Court should enter a declaration that Ferris' statement was not a sufficient "for cause" statement and, as a result, Defendants' vote to remove Directors Sugarman, Richey, and Smith is invalid and lacks any legal force.

## COUNT THREE
### (Breach of Contract)

68. Plaintiffs incorporate each prior allegation.

69. The elements of a breach of contract claim are 1. the existence of a contract; 2. that a party to the contract breached a term of the agreement; and 3. damages resulted from the breach. *See Thomas v. Montelucia Villas, LLC*, 232 Ariz. 92, 96 (2013).

70. A third-party beneficiary may bring contract claims if "(1) an intention to benefit [the claimant is] indicated in the contract itself; (2) [t]he contemplated benefit [is] both intentional and direct; and (3) it . . . definitely appear[s] that the parties intend to recognize the third party as the primary party in interest." *Ansley v. Banner Health Network*, 246 Ariz. 240, 254 ¶ 45 (App. 2019) (internal quotation marks omitted).

71. Here, the IGA and GA are valid contracts executed by the Towns of Payson and Star Valley.

72. RCEA is a third-party beneficiary that can enforce its rights under the GA because (1) the GA's sole purpose is to govern RCEA and its relationship with the Towns of Payson and Star Valley, and thus is intended to benefit RCEA; (2) the benefit is intentional and direct; and (3) the fact that the GA's title and sole subject is RCEA evidences the parties' intention to recognize RCEA as the primary party in interest.

73. Section 4.4 of the GA states that "Directors may be removed only by their appointing [Town] for cause."

74. The Town of Payson breached Section 4.4 of the GA when it, by and through the Payson Town Council, removed Directors Sugarman, Richey, and Smith from the Board of RCEA without a valid for cause finding.

75. Plaintiffs have suffered damage from the Town of Payson's action because Directors Sugarman, Richey, and Smith have been removed from their duly appointed office without due process and without cause.

76. Accordingly, the Town of Payson breached the GA and the Court should enjoin Defendants from acting contrary to the terms of the GA.

## COUNT FOUR
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

77. Plaintiffs incorporate each prior allegation.

78. The implied "covenant of good faith and fair dealing protects the right of the parties to an agreement to receive the benefits of the agreement that they have entered into. The denial of a party's right to those benefits, whatever they are, will breach the duty of good faith implicit in the contract." *Woerth v. City of Flagstaff*, 167 Ariz. 412, 418 (1990) (quoting *Wagenseller*, 147 Ariz.370, 385 (1985)).

79. A third-party beneficiary may bring contract claims if "(1) an intention to benefit [the claimant is] indicated in the contract itself; (2) [t]he contemplated benefit [is] both intentional and direct; and (3) it . . . definitely appear[s] that the parties intend to recognize the third party as the primary party in interest." *Ansley v. Banner Health Network*, 246 Ariz. 240, 254 ¶ 45 (App. 2019) (internal quotation marks omitted).

80. Here, the IGA and GA are valid contracts executed by the Towns of Payson and Star Valley.

81. RCEA is a third-party beneficiary that can enforce its rights under the GA because (1) the GA's sole purpose is to govern RCEA and its relationship with the Towns of Payson and Star Valley, and thus is intended to benefit RCEA; (2) the benefit is intentional and direct; and (3) the fact that the GA's title and sole subject is RCEA evidences the parties' intention to recognize RCEA as the primary party in interest.

82. Section 4.4 of the GA states that "Directors may be removed only by their appointing [Town] for cause."

83. The terms of the GA indicate that RCEA and its Directors are intended to receive the benefits that accompany a "for cause" removal standard. Specifically, the "for cause" removal term entitles Directors Sugarman, Richey, and Smith to procedural due process and a valid for cause determination.

84. Plaintiffs did not receive the benefit intended from Section 4.4 of the GA. As a result, Plaintiffs suffered damage from the Town of Payson's action because Directors

- 14 -

1  Sugarman, Richey, and Smith have been removed from their duly appointed office without
2  due process and without cause.

3      85.     The Town of Payson exercised its contractual powers in bad faith.

4      86.     Accordingly, as the Town of Payson breached its implied covenant of good
5  faith and fair dealing it owed to Plaintiffs, Defendants should be enjoined from acting
6  contrary to the terms of the GA.

**COUNT FIVE**
**(Injunctive Relief)**

9      87.     Plaintiffs incorporate each prior allegation.

10     88.     The Defendants removed Directors Sugarman, Richey, and Smith from office
11  without any due process or legitimate finding of "for cause" removal.

12     89.     Federal Rule of Civil Procedure 65 permits a Court to issue a temporary
13  restraining order and enter preliminary injunctive relief when 1) the plaintiff is likely to
14  succeed on the merits, 2) the plaintiff will be irreparably harmed, 3) the balance of hardships
15  favor injunctive relief, and 4) public interest is furthered by the injunction. *See Winter v.*
16  *Nat'l Res. Defense Coun.*, 555 U.S. 7, 20 (2008); *Washington v. Trump*, 847 F.3d 1151,
17  1159 n.3 (9th Cir. 2017) (noting that the standards for obtaining a temporary restraining
18  order and a preliminary injunction are "substantially identical"). The standard for issuing
19  permanent injunctive relief is substantially the same as the preliminary injunction standard
20  except that the plaintiff must prove actual success on the merits, rather than a likelihood of
21  success. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); 42 Am. Jur. 2d
22  *Injunctions* § 11.

23     90.     On the merits, Plaintiffs have proven that the removal of Directors Sugarman,
24  Richey, and Smith was improper because it violated their due process rights and there was
25  no valid finding of "for cause."

26     91.     Defendants' actions have caused and continue to cause irreparable harm to
27  Plaintiffs, the balance of hardships favors Plaintiffs, and public policy favors reinstating the
28  improperly removed Directors.

92. The invalid removal creates uncertainty regarding RCEA's governance and unduly deprives Sugarman, Richey, and Jennifer Smith from fulfilling their duties as Directors of RCEA.

93. Defendants have evidenced an intent to act in furtherance of their improper removal by including discussion of RCEA appointments on the Payson Town Council Agenda for its February 27, 2020 Regular Meeting.

94. Because actions taken at this meeting would attempt to further Defendants' improper removal, speedy resolution of this matter is of utmost importance.

95. Because Defendants' removal of Directors Sugarman, Richey, and Smith was improper, a temporary restraining order, preliminary injunction, and permanent injunctive relief is appropriate to stay the Payson Town Council's removal of Directors Sugarman, Richey, and Smith and enjoin the Defendants from any further action consistent with their vote, including appointment of alleged replacements.

96. Further, this Court should annul and void the Payson Town Council's removal of Directors Sugarman, Richey, and Smith.

**WHEREFORE**, Plaintiffs request judgment against Defendants as follows:

a. Declare that Defendants violated Director Sugarman's, Richey's, and Smith's Federal and State due process rights when Defendants removed them without an opportunity to respond to the reasons for removal;

b. Declare that Ferris' statement was legally deficient, cannot support a finding of "for cause," and thus, Defendants' invalid removal of Directors Sugarman, Richey, and Smith was invalid and lacks legal force;

c. Declare that Defendants may only appoint and remove Directors in accordance with Section 4.2 of the GA;

d. Enjoin Defendants from acting contrary to the terms of the GA and enforce the GA's "for cause" removal standard and its associated protections;

e. Stay the Payson Town Council's removal vote and enjoin the Defendants from acting consistent with their attempted removal of Sugarman, Richey, and Jennifer

1  Smith as Directors of RCEA, including any attempt to appoint alleged replacements;

2      f.    Annul and void the Town Council's removal determination;

3      h.    Award Plaintiffs' attorneys' fees pursuant to 42 U.S.C. § 1988, A.R.S. § 12-341.01, and the private attorney general doctrine;

5      i.    Plaintiffs' reasonable costs pursuant to A.R.S. § 12-341 and § 12-1840;

6      j.    Interest on such fees and costs, from the date of judgment, at the highest legal rate allowable by law until paid in full; and

8      k.    For such other relief as the Court deems just.

## **JURY TRIAL DEMAND**

Plaintiffs demand a jury trial on all issues so triable.

DATED this 26th day of February, 2020.

    SNELL & WILMER L.L.P.

By: */s/ Brett W. Johnson*
    Brett W. Johnson
    Tracy A. Olson
    One Arizona Center
    400 E. Van Buren, Suite 1900
    Phoenix, Arizona  85004-2202