**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rim Country Educational Alliance, et al., <br> Plaintiffs, <br> v. <br> Thomas P. Morrissey, et al., <br> Defendants. | No. CV-20-00419-PHX-SPL <br><br> **TEMPORARY RESTRAINING ORDER** |

The Court has reviewed Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, wherein Plaintiffs allege that Defendants have voted to remove Plaintiffs Larry Sugarman, Richard Richey, and Jennifer Smith from their positions as Directors of the Rim Country Educational Alliance ("RCEA") without opportunity to respond to an alleged improper "for cause" finding (Doc. 1). Plaintiffs now seek to enjoin Defendants from appointing new Directors at a meeting scheduled for Thursday, February 27, 2020 at 5:30 p.m. (Doc. 1).

**I.  Legal Standard and Discussion**

A request for a TRO is analyzed under the same standards as a request for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (emphasis omitted)); *see*

*also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("A preliminary injunction is an extraordinary remedy never awarded as of right").

"A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'— a lesser showing than likelihood of success on the merits— then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this serious questions variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

Plaintiffs' allegations that Defendants have violated the Due Process clauses of the U.S. and Arizona Constitutions, as well as breached their Governance Agreement, leads the Court to find that Plaintiffs are likely to suffer irreparable harm in the absence of a temporary restraining order pending a hearing on the merits of a preliminary injunction. The allegations in the complaint demonstrate that Plaintiffs have a strong likelihood of success on the merits, and a balance of the equities in this case clearly tips in Plaintiff's favor considering the constitutional rights at stake. Finally, the Court finds that a temporary restraining order would protect the public interest by maintaining the status quo until a preliminary injunction hearing can be held. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) is **granted**.

**IT IS FURTHER ORDERED** that Defendants are prohibited from acting in furtherance of its attempted removal of Larry Sugarman, Richard Richey, and Jennifer Smith by appointing their alleged replacements on the RCEA Board.

///

**IT IS FURTHER ORDERED** that, no later than **March 4, 2020**, Plaintiff must serve a copy on Defendants and file proof of service with the Court of the following: (1) the Complaint; (2) the Motion for Preliminary Injunction; and (3) this Order.

**IT IS FURTHER ORDERED** that Defendants must file a response to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) no later than **March 10, 2020**.

**IT IS FURTHER ORDERED** setting a hearing on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) on **March 12, 2020 at 1:30 p.m.**, before the Honorable Judge Steven P. Logan, United States District Judge, in the Sandra Day O'Connor United States Courthouse, located at 401 West Washington Street, Phoenix, Arizona 85003, 5th Floor, Courtroom 501.

Dated this 27th day of February, 2020.

Honorable Steven P. Logan
United States District Judge