**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Rim Country Educational Alliance, et al., | ) ) ) | No. CV 20-00419-PHX-SPL |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) | |
| Thomas P. Morrissey, et al., | ) ) | |
| Defendants. | ) ) ) | |

Pending before the Court is Plaintiffs' Motion for Reasonable Attorneys' Fees and Taxable Costs. (Doc. 31) For the following reasons, the motion will be granted as modified in this Order.

**I.     Background**

Plaintiff Rim Country Educational Alliance ("RCEA") is a political subdivision of the State of Arizona organized under Arizona Revised Statute ("A.R.S.") § 11-952.02 by an intergovernmental agreement executed by the Towns of Payson and Star Valley. (Doc. 1 at 2) The other Plaintiffs are all directors of the RCEA.[1] (Doc. 1 at 2) The purpose of the RCEA is to "further higher or advanced education and work force development." (Doc. 1-2 at 2) On February 26, 2020, Plaintiffs initiated this action seeking injunctive and

---

[1] The directors include: Larry Sugarman, Richard Richey, and Jennifer Smith. (Doc. 1 at 2)

declaratory relief to void Defendants'[2] attempt to remove Plaintiffs as directors of the RCEA. (Doc. 1) Plaintiffs asked this Court to issue a temporary restraining order ("TRO") and preliminary injunction ("PI") so that Defendants would be enjoined from appointing replacement directors. (Doc. 1) The Court granted Plaintiff's request in part and issued a TRO on February 27, 2020. (Doc. 9)

The Court set a hearing on the PI motion for March 12, 2020. (Doc. 9) On March 5, 2020, the parties filed a joint stipulation to vacate the PI hearing and to instead hold a status conference. (Doc. 20) The parties notified the Court that, on March 3, 2020, the Payson Town Council adopted Resolution 3187, which reversed its previous removal of Plaintiffs as the RCEA directors. (Doc. 20 at 2) The Court granted the parties' stipulation and converted the March 12 hearing into a status conference. (Doc. 22) On March 10, 2020, the parties filed a joint status report disagreeing about whether the case was moot in light of the fact that Plaintiffs were restored as directors. (Doc. 23) The next day, the Court vacated the status conference hearing and lifted the TRO, explaining that there was no longer an imminent threat of irreparable harm. (Doc. 24 at 2) The Court further stated that any arguments regarding mootness could be addressed in the normal course of the case. (Doc. 24 at 2)

On March 30, 2020, the parties filed a joint stipulation of dismissal. (Doc. 27) The Court granted the parties' request and dismissed the case with prejudice on April 2, 2020. (Doc. 28) The Court further ordered Plaintiffs to submit an application for attorneys' fees no later than April 30, 2020. (Doc. 30) Plaintiffs timely submitted their Motion for Reasonable Attorneys' Fees and Taxable Costs. (Doc. 31) Defendants have filed an objection to the application (Doc. 32), and Plaintiffs have filed a reply (Doc. 33).

## II.   Legal Standard

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable

---

[2] Defendants include: the Town of Payson; each individual member of the Payson Town Council; and Thomas P. Morrissey, Mayor of the Town of Payson. (Doc. 1 at 1)

hourly rate." *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983). This calculation is known as the "lodestar method" and it provides an objective basis on which to make an initial estimate of the value of an attorney's services. *Id.* The party requesting the fees must submit evidence supporting the reasonableness of the hours worked and the rates claimed. *Id.* "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.*

In the Ninth Circuit, there are several factors that a district court may use when determining the reasonableness of an attorneys' fees request. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (abrogated on other grounds). Such factors include: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Id.* (internal quotations and citation omitted). However, if a district court chooses to reduce the lodestar amount, it must do so with "a concise but clear explanation of its reasons." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 (9th Cir. 2001) (internal quotations and citation omitted). The party opposing a fee application bears the burden of establishing that a reduction is justified. *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992).

**III.   Discussion**

Plaintiffs move this Court for an award of attorneys' fees in the amount of $66,191.06, and costs in the amount of $1,341.80 pursuant Federal Rule of Civil Procedure 54(d) and Local Rule of Civil Procedure 54.2. (Doc. 31 at 2) Plaintiffs submit a declaration of fees and costs signed by counsel Brett W. Johnson, an invoice of attorneys' fees, a bill of costs, and their fee agreement. (Doc. 31-1)

In response, Defendants agree that Plaintiffs are entitled to fees and costs but argue that the amount requested is disproportionate to the length and complexity of the case. (Doc. 32 at 2-3) Specifically, Defendants argue that Plaintiffs' counsel have engaged in extensive double billing and their average hourly rate of $389.56 is too high for the legal services that were performed. (Doc. 32 at 3-5) Defendants maintain that the average hourly rate in Arizona is $304 per hour and Plaintiffs' counsel's rate far exceeds that. (Doc. 32 at 4) Defendants argue that the Court should reduce the fee request by at least twenty-eight percent (28%). (Doc. 32 at 4)

After the Court's own review of Plaintiffs' motion and itemization of fees, the Court has calculated the lodestar to be $56,191.06. The Court subtracted $10,000 from Plaintiffs' initial request of $66,191.06. The reduction represents the amount billed for entries that the Court finds duplicative, vague, and/or unnecessary. The Court believes this most reasonably reflects Plaintiffs' counsel's time spent working on this case. The Court does not find merit in Defendants' argument regarding the average billing rate and will not reduce the fee request on that basis. *Kaufman v. Warner Bros. Enter. Inc.*, No. CV-16-02248-PHX-JAT, 2019 WL 2084460, at *12 (D. Ariz. May, 13, 2019) (quoting *Jackson v. Wells Fargo Bank N.A.*, No. CV-13-00617-PHX-SPL, 2015 WL 13567069, at *2 (D. Ariz. Oct. 23, 2015) (finding that reliance on a statewide average hourly rate alone is insufficient to establish that the billing rate charged by counsel was excessive or unreasonable). As to costs, the Court has reviewed Plaintiffs' bill of costs and finds that the requested amount of $1,341.80 is reasonable.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Reasonable Attorneys' Fees and Taxable Costs (Doc. 31) is **granted** as modified.

///
///
///
///

4

1 **IT IS FURTHER ORDERED** that Plaintiffs are entitled to an award of $56,191.06 in reasonable attorneys' fees and $1,341.80 in costs.

Dated this 22nd day of June, 2020.

Honorable Steven P. Logan
United States District Judge